UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES RUMSEY, et al.,

       Plaintiffs,                          Hon. Janet T. Neff

v.                                             Case No. 1:10 CV 880

MICHIGAN DEPARTMENT
OF CORRECTIONS, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendants' Motion to Dismiss and for Partial Summary Judgment</u>. (Dkt. #34). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted in part and denied in part** as detailed herein.

## BACKGROUND

The following allegations are contained in Plaintiffs' complaint. (Dkt. #1). Plaintiffs "are all practitioners of the religion known as the 'Native American Traditional Way'" which is "based upon the teachings and practices of some Native American Tribes." One of the practices with which adherents of this faith "are required" to comply is "congregating and offering prayers within a 'sweat lodge.'" More than 15 years prior to the events giving rise to this action, members of the Native American Traditional Way constructed a sweat lodge on the grounds of the Muskegon Correctional Facility (MCF). Beginning in 2005 and continuing until MCF was closed in 2010, Defendants

"conspired, combined and/or acted in concert to deny" to Plaintiffs the ability to freely practice their religion.

Specifically, Plaintiffs were prevented from gathering in the sweat lodge, which was subsequently dismantled. Defendant Swierenga "concealed in the locker of the prison chaplain" the "artifacts and supplies" necessary "to perform certain religious observances and ceremonies." Plaintiffs "were required to move their observances of certain of their spiritual offerings and prayer ceremonies indoors." This action, coupled with the MDOC ban on smoking indoors, prevented Plaintiffs from being able to practice certain aspects of their religion.

Defendants also initiated a policy "requiring all religious organizations to have membership of 5 or more in order to be able to gather and/or use prison facilities for worship." While this policy applied to all prisoners and faith groups, "[o]nly the Plaintiffs' religion had such small membership totals that they frequently failed to meet the minimum numbers required by defendants." Whenever Plaintiffs' membership exceeded 5 members, Defendants "caused the transfer of one or more members of the faith to other facilities, so as [to] reduce membership at MCF below the required number."

Plaintiffs initiated the present action on June 23, 2010, against the Michigan Department of Corrections (MDOC) and the following individuals: (1) Mary Berghuis, (2) Carol Aardsma, (3) Rick Smith, (4) Sheryl DiEpifanio, (5) Mark Sutherby, (6) Raymond Swierenga, (7) Shirlee Harry, (8) Michael Singleton, (9) Sharon Walker, and (10) Sharon Wells. Plaintiffs assert that Defendants violated their First Amendment right to freely practice their religion. Plaintiffs seek declaratory, injunctive, and monetary relief. Defendants MDOC, Berghuis, Aardsma, Smith, Sutherby, Swierenga, Harry, Singleton, and Walker now move for relief, in the form of dismissal or summary judgment, of certain of Plaintiffs'

claims. Plaintiffs have yet to effect service on Defendants DiEpifanio and Wells. Plaintiffs, despite being represented by counsel, have failed to respond to Defendants' motion.

## **LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

As the Supreme Court has held, a motion to dismiss will be denied only where the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, - - - U.S. - - -, 129 S.Ct. 1937, 1949 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim

> for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 1949-50 (internal citations omitted).

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss provided such are referenced in the complaint and central to the claims therein. *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008); *see also*, *Continental Identification Products, Inc. v. EnterMarket, Corp.*, 2008 WL 51610 at *1, n.1 (W.D. Mich., Jan. 2, 2008) ("an exhibit to a pleading is considered part of the pleading" and "the Court may properly consider the exhibits. . .in determining whether the complaint fail[s] to state a claim upon which relief may be granted without converting the motion to a Rule 56 motion"); *Stringfield v. Graham*, 212 Fed. Appx. 530, 535 (6th Cir. 2007) (documents "attached to and cited by" the complaint are "considered parts thereof under Federal Rule of Civil Procedure 10(c)").

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence

may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party has met its burden of production, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the nonmoving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to

establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

# ANALYSIS

**I.        Plaintiffs' Claims Against the Michigan Department of Corrections**

Plaintiff has sued the Michigan Department of Corrections (MDOC).  The MDOC is not a person under 42 U.S.C. § 1983 and, furthermore, enjoys immunity from suit under the Eleventh Amendment.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Hamilton's Bogarts, Inc. v. Michigan*, 501 F.3d 644, 654 n.8 (6th Cir. 2007); *Parker v. Michigan Department of Corrections*, 65 Fed. Appx. 922, 923 (6th Cir., Mar. 12, 2003).  Accordingly, the undersigned recommends that Plaintiff's claims against the MDOC be dismissed.

**II.       Plaintiffs' Official Capacity Claims Against the Individual Defendants**

Defendants Berghuis, Aardsma, Smith, Sutherby, Swierenga, Harry, Singleton, and Walker assert that they are entitled to immunity, pursuant to the Eleventh Amendment, as to all claims asserted against them in their official capacity.

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend XI.  This provision has long been interpreted as precluding "federal jurisdiction over suits against nonconsenting States."  *Kimel v. Florida Board of Regents*, 528 U.S. 62, 72-73 (2000).  Accordingly, the Eleventh Amendment generally precludes federal court actions against a State unless that state has waived its sovereign immunity or consented to suit in federal court.  *See Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989)).

The Court notes that the State of Michigan "has not consented to being sued in civil rights actions in the federal courts." *Johnson v. Unknown Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004). An action asserted against a State official in his official capacity is considered an action against the State. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991). An exception to this general rule exists, however, for claims seeking prospective injunctive or declaratory (non-monetary) relief compelling a state official (in his official capacity) to comply with federal law. *See Ex Parte Young*, 209 U.S. 123 (1908); *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507-08 (6th Cir. 2008) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)).

Defendants are clearly entitled to immunity in their official capacity as to Plaintiffs' claims for money damages. The Court further notes that while Plaintiffs have requested declaratory and injunctive relief, Plaintiffs are not requesting *prospective* equitable relief to remedy an ongoing violation of federal law. Plaintiffs clearly allege in their complaint that the actions giving rise to this action occurred at MCF from 2005 until MCF was closed in 2010. Plaintiffs have not alleged that they experienced any violation of their rights after their transfer to different correctional facilities following the closing of MCF. To the extent, therefore, that Plaintiffs seek equitable relief such is to remedy past violations of their rights which does not fit within the *Ex Parte Young* exception.

Accordingly, the undersigned recommends that Defendants Berghuis, Aardsma, Smith, Sutherby, Swierenga, Harry, Singleton, and Walker are entitled to Eleventh Amendment immunity as to all claims asserted against them in their official capacity.

**III.        Claims Against Defendants Aardsma, Berghuis, Sutherby, and Smith**

Defendants Aardsma, Berghuis, Sutherby, and Smith seek relief on the ground that Plaintiffs have failed to assert any allegations of wrongdoing against them. As is well recognized, liability in a § 1983 action "must be based on active unconstitutional behavior and cannot be based upon a 'mere failure to act' or the 'mere right to control employees.'" *Rodriguez v. City of Cleveland*, 439 Fed. Appx. 433, 457-58 (6th Cir., Aug. 26, 2011) (citations omitted).

In their complaint, Plaintiffs allege that the events giving rise to this action occurred at the Muskegon Correctional Facility (MCF). Defendants Aardsma, Berghuis, Sutherby, and Smith have each submitted affidavits in which they assert that they were never assigned to work at MCF during the time period in question and, moreover, had no personal involvement with any of the alleged incidents at MCF that give rise to the present action. (Dkt. #34, Exhibits 1-4). As previously noted, Plaintiffs, despite being represented by counsel, have failed to respond to the present motion.

The unrefuted evidence submitted by Defendants Aardsma, Berghuis, Sutherby, and Smith reveals that there exists no legitimate factual issue regarding Plaintiffs' claims against them. Accordingly, the undersigned recommends that Defendants Aardsma, Berghuis, Sutherby, and Smith are all entitled to summary judgment.

**IV.        Claims Asserted by Plaintiff Davis**

Defendants assert that all claims asserted by Plaintiff Herschel Davis must be dismissed for failure to exhaust administrative remedies.

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter*

*v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Id.*

With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

When assessing whether a prisoner has properly exhausted his claims as required by the PLRA, it is appropriate to seek guidance from the substantively similar exhaustion rules applicable to petitions for writ of habeas corpus. *See Woodford,* 548 U.S. at 88. In the habeas context, a petitioner is required to properly present his federal claims through one complete round of the State's established appellate review process. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). To "'protect the integrity' of the federal exhaustion rule, we ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies." *Id.* at 848 (citation omitted). The Supreme Court has stated that in the habeas context, "the sanction for failing to exhaust properly (preclusion of federal review) is called procedural default." *Woodford,* 548 U.S. at 92. To determine whether a habeas petitioner procedurally defaulted a federal claim in state court, the Court must consider

whether: (1) the petitioner failed to comply with an applicable state procedural rule; (2) the last state court rendering judgment on the claim at issue actually enforced the state procedural rule so as to bar that claim; and (3) the state procedural default is an "independent and adequate" state ground properly foreclosing federal habeas review of the federal constitutional claim. *See Hicks v. Straub,* 377 F.3d 538, 551 (6th Cir.2004), *cert. denied,* 544 U.S. 928 (2005).

Under the procedural default component of § 1997e(a), a prisoner's claims are procedurally defaulted if he fails to complete the administrative review process in accordance with the deadlines and other applicable procedural rules and prison officials actually relied upon the procedural rule to bar review of the grievance. *See Johnson v. Meadows,* 418 F.3d 1152, 1159 (11th Cir.2005), *cert. denied,* 126 S.Ct. 2978 (2006); *Spruill v. Gillis,* 372 F.3d 218, 222 (3rd Cir.2004) (holding that "the determination whether a prisoner has 'properly' exhausted a claim (for procedural default purposes) is made by evaluating the prisoner's compliance with the prison's administrative regulations"). Moreover, just as procedural default in the federal habeas corpus context must be predicated on an adequate and independent state ground, the procedural requirements of a prison grievance system may not be imposed in a way that offends the United States Constitution or the intended purposes of § 1997e(a). *See Spruill,* 372 F.3d at 232.

In support of their argument, Defendants rely exclusively on documents attached to Defendant Aardsma's affidavit. (Dkt. #34, Exhibit 1, Attachment 1G). These documents are indecipherable and hardly establish that Plaintiff Davis has failed to properly exhaust his claims in this matter. In sum, Defendants have failed to meet their burden that Plaintiff Davis failed to properly exhaust his claims against them. Accordingly, the undersigned recommends that Defendants' motion for relief based on Plaintiff Davis' alleged failure to exhaust be denied.

V.	**Plaintiffs' Group-of-Five Claim**

As previously noted, Plaintiffs allege that one of the ways in which Defendants violated their right to freely practice their religion was by instituting a policy "requiring all religious organizations to have membership of 5 or more in order to be able to gather and/or use prison facilities for worship." Defendants assert that this particular claim must be dismissed for failure to state a claim.

In support of their argument, Defendants offer no analysis, but instead simply cite to *Spies v. Voinovich*, 173 F.3d 398, 404-05 (6th Cir. 1999), for the proposition that "the MDOC's five prisoner minimum requirement for holding group religious services has been upheld as constitutional." Defendants' argument is badly misplaced and mistakes a determination that one particular challenge to a similar rule equates to a holding that such a rule is in the future completely immune from challenge.

In *Spies*, an Ohio inmate challenged certain prison practices, including a policy that "require[d] the existence of five documented members of a faith interesting in forming a faith group before such a group is formed." *Id.* at 401-03. The district court dismissed this particular claim in the context of a motion for summary judgment. The inmate appealed this determination to the Sixth Circuit. The *Spies* court affirmed the dismissal of this claim, finding that the evidence presented to the district court supported such. *Id.* at 402-05. The court did not conclude that the inmate's challenge to the policy in question failed to state upon which relief may be granted; rather, the court found that summary judgment was appropriate because the evidence submitted revealed that the challenged rule was reasonably related to a legitimate penological objective. Here, Defendants have submitted no evidence, but instead simply assert that Plaintiffs' allegations fail to state a claim. Defendants have failed, however, to demonstrate that Plaintiff's allegations fail to satisfy the standard articulated above. Accordingly, the undersigned recommends that this particular aspect of Defendants' motion be denied.

**VI.      Plaintiffs' Claims for Mental or Emotional Injury**

Defendants next assert that "any claim for physical injury and/or mental/emotional distress must be dismissed pursuant to 42 U.S.C. § 1997e(e)." This provision states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

While this provision clearly applies with respect to Eighth Amendment claims, *see, e.g., Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010), as Defendants recognize, courts do not agree on the question whether this provision applies to First Amendment claims. *See, e.g., LaFountain v. Martin*, 2010 WL 2640417 at *2-3 (W.D. Mich., June 30, 2010). The Court need not resolve this particular dispute, however, as Plaintiffs have failed to allege suffering any physical injury which, by itself, is sufficient to prevent Plaintiffs from recovering damages for "mental or emotional injury." *See LaFountain*, 2010 WL 2640417 at *3 ("for prisoners who allege no physical injury, [§ 1997e(e)] bars recovery for mental and emotional injuries"). Accordingly, the undersigned recommends that that aspect of Defendants' motion be granted and Plaintiffs be prohibited from recovering damages for mental or emotional injuries.

**VII.     Unserved Defendants**

Plaintiff initiated this action on June 23, 2010, against the Michigan Department of Corrections and numerous individuals, including Sheryl D'Epifanio and Sharon Wells. Summonses for Defendants D'Epifanio and Wells were issued on October 7, 2010, but service has yet to be effected on these Defendants.

Federal Rule of Civil Procedure 4(c) indicates that "[a] summons must be served together with a copy of the complaint." The time frame within which service must be effected is articulated in Rule 4(m), which provides that if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, "the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." If the plaintiff demonstrates good cause for such failure, however, the court "must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

On January 5, 2011, the Court granted Plaintiffs' motion for extension of time and afforded Plaintiffs until March 18, 2011, to effect service on Defendants. Plaintiffs have not requested any further extensions of time or otherwise sought assistance from the Court on this matter. Considering Plaintiffs' lack of diligence, the undersigned recommends that Plaintiffs' claims against Defendants D'Epifanio and Wells be dismissed for failure to timely effect service.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Defendants' Motion to Dismiss and for Partial Summary Judgment</u>, (dkt. #34), be **granted in part and denied in part**. Specifically, the undersigned recommends that: (1) Plaintiff's claims against the Michigan Department of Corrections be dismissed; (2) Defendants Berghuis, Aardsma, Smith, Sutherby, Swierenga, Harry, Singleton, and Walker are entitled to Eleventh Amendment immunity as to all claims Plaintiffs' claims asserted against them in their official capacity; (3) Plaintiffs' claims against Defendants Aardsma, Berghuis, Sutherby, and Smith be dismissed; (4) Plaintiffs be prohibited from recovering damages for mental or emotional injuries; and (5) Plaintiffs' claims against Defendants D'Epifanio and Wells be

dismissed for failure to timely effect service. The undersigned further recommends that Defendants' motion for summary judgment be denied as to: (1) the argument that Plaintiff Davis failed to properly exhaust his claims, and (2) the argument that Plaintiff's allegations concerning the policy "requiring all religious organizations to have membership of 5 or more in order to be able to gather and/or use prison facilities for worship" be dismissed for failure to state a claim.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: June 20, 2012         /s/ Ellen S. Carmody
                            ELLEN S. CARMODY
                            United States Magistrate Judge