UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES RUMSEY, et al.,

    Plaintiffs,                                 Case No. 1:10-cv-880

v                                                HON. JANET T. NEFF

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.
_____/

**AMENDED**
**OPINION AND ORDER**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 involving claims for alleged violations of Plaintiffs' First Amendment Rights to freely practice their religion.[1] Defendants filed a motion to dismiss Plaintiff Barnes and Plaintiff Davis (Dkt 53), and a motion for summary judgment (Dkt 72). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R, Dkt 83), recommending that: (1) this Court grant Defendants' motion to dismiss Plaintiff Barnes and Plaintiff Davis, and (2) grant Defendants' summary judgment motion in part and deny the motion in part. The matter is presently before the Court on Plaintiffs' and Defendants' objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those

---

[1] Plaintiffs are all practicing members of the religion known as the Native American Traditional Way (NATW), which is based on the teachings and practices of many Native American Tribes.

portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

**I. Plaintiffs' Objections**

Plaintiffs filed numerous objections to the Magistrate Judge's Report and Recommendation. Specifically, Plaintiffs object to the Magistrate Judge's conclusions that: (1) Plaintiff Barnes should be dismissed with prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b); (2) Plaintiffs' claims are a compilation of separate and distinct individualized claims, thereby rendering vicarious exhaustion inapplicable; (3) Defendants Swierenga and Walker did not participate in the decision to remove Plaintiffs' sweat lodge structure; and (4) the removal of Plaintiffs' structure served a legitimate penological interest (Dkt 89).

A. Dismissal of Plaintiff Barnes' Claims

Plaintiffs first object to the Magistrate Judge's recommendation that "Plaintiff Barnes' remaining claims be dismissed with prejudice for failure to prosecute" (Dkt 83 at 7). Plaintiffs assert that "the sanction of dismissal with prejudice is unnecessarily harsh" and that "dismissal without prejudice is a more appropriate sanction, as there is no evidence of any deliberate non-compliance by that Plaintiff" (Dkt 89 at 3). Plaintiffs' objection lacks merit.

The Magistrate Judge properly applied the following factors to determine that Plaintiff Barnes' claims should be dismissed under Rule 41(b):

(1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault;

(2) whether the adversary is prejudiced by the party's dilatory conduct;

(3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

2

(4) whether less drastic sanctions were imposed or considered.

(R & R at 6, citing *Schreiber v. Moe*, 320 F. App'x 312, 317-18 (6th Cir. 2008)). In concluding that dismissal with prejudice was proper, the Magistrate Judge reasoned that even if Plaintiff Barnes was unaware that his deposition was scheduled (on several occasions), this was a result of his willful behavior not to communicate with his attorney; Defendants were prejudiced by the inability to depose Plaintiff; and Defendants' motion served as sufficient notice of the potential dismissal (R & R at 7). Plaintiffs' objection that Plaintiff Barnes' failure to contact his attorney and appear for the depositions was a mere oversight that should result only in dismissal without prejudice is unpersuasive. The Magistrate Judge properly weighed the factors based on the circumstances presented and concluded Plaintiff Barnes' claims should be dismissed with prejudice for failure to prosecute under Rule 41(b). This objection is denied.

## B. Separate Claims and "Vicarious Exhaustion"

Plaintiffs next object to the Magistrate Judge's treatment of Plaintiffs' claims as separate and distinct. Plaintiffs assert that, "[d]espite Plaintiffs' argument in their response in opposition to defendants' motion that their complaint should be construed as alleging an overall scheme [of religious suppression] by the defendants …, the magistrate analyzed the issue of exhaustion of administrative remedies as required by 42 U.S.C. § 1997e(a) (PLRA) as if the Plaintiffs each had asserted a number of separate and distinct 'claims'" (Dkt 89 at 4), thereby concluding that certain Plaintiffs failed to exhaust their administrative remedies as to certain claims. Plaintiffs argue that the Magistrate Judge thus applied the PLRA in a manner unintended by Congress with regard to general complaints about prison conditions (*id.*).

3

Plaintiffs also object to the Magistrate Judge's conclusion that "vicarious exhaustion" of administrative remedies is inapplicable to Plaintiffs. Plaintiffs assert that their "complaint should not be read as asserting a claim for dismantling the sweat lodge; a separate claim for denying access to and/or use of tobacco; and a third separate and distinct claim for transferring [group religious] practitioners away from the prison …," rather Plaintiffs' complaint should be read as a single claim "alleging an ongoing scheme of religious suppression, which utilized a variety of means to do so" (*id.* at 7).

Plaintiffs' objection lacks merit. As an initial matter, it should be noted that Plaintiffs' complaint is, in fact, a compilation of claims raised by numerous Plaintiffs. The complaint is clear that "[e]ach of the Plaintiffs have repeatedly filed administrative grievances in their *individual* and collective efforts to abate the continuing and ongoing deprivations of their constitutionally protected right to freely practice their religion" (Compl., Dkt 1 at 3-4, ¶ 7) (emphasis added). Further the complaint states: "[a]ttached hereto are copies of the grievances filed by the various Plaintiffs to demonstrate *each Plaintiff's* exhaustion or attempts to exhaust their administrative remedies as required" (*id.* ¶ 8) (emphasis added). Plaintiffs' assertion that the complaint should be read as a collective group claim, rather than separate and distinct claims, is untenable.[2] Plaintiffs provide no authority to support their claim that a contrary result was intended under the PLRA. Plaintiffs' objection to the Magistrate Judge's treatment of their claims as separate, discreet claims demonstrates no error in the Magistrate Judge's conclusion. As such, Plaintiffs' objection is denied.

---

[2]Plaintiffs' objection seeks to treat the Plaintiffs as a class, rather than individuals bringing their own discreet claims. Plaintiffs concede, however, that this is not a class action suit (Dkt 89 at 6-7).

The Court also finds no merit in Plaintiffs' argument that the Magistrate Judge erred in failing to apply the doctrine of "vicarious exhaustion" to their circumstances. The Magistrate Judge concluded that "even if … 'vicarious exhaustion' in the class action context is appropriate, the rationale underlying such simply does not extend to the present circumstance" (Dkt 83 at 10). Plaintiffs' reliance on the decision of the Eleventh Circuit in *Chandler v. Crosby*, 379 F. 3d 1278 (11th Cir. 2004), is misplaced. The *Chandler* panel observed that "'the doctrine [of vicarious exhaustion] is only available to plaintiffs in a class-action lawsuit, where a class is certified pursuant to [Federal Rule of Civil Procedure] 23(b)(2).'" *Id.* at 1287 (quoting *Hattie v. Hallock*, 8 F. Supp. 2d 685, 689 (N.D. Ohio 1998)). "Courts have found that in these types of cases, 'where the composition of the class is subject to constant change beyond the class members control, it could be extraordinarily difficult for all class members to exhaust administrative remedies before filing suit.'" *J.P. v. Taft*, 439 F. Supp. 2d 793, 823 n.27 (S.D. Ohio 2006) (citation omitted). No such rationale applies in this case. Plaintiffs' assertion that vicarious liability is applicable to their case is unpersuasive.

Plaintiffs' objection demonstrates no error in the Magistrate Judge's conclusion that vicarious exhaustion is inappropriate in this case. This objection is denied.

### C. Defendants Swierenga's and Walker's Participation

Plaintiffs next object to the Magistrate Judge's conclusion that "Defendants Swierenga and Walker have submitted evidence that they were not involved in the decision to 'dismantle' the sweat lodge" and are therefore "entitled to summary judgment as to this particular claim" (Dkt 83 at 20). Plaintiffs assert that, "[i]f there is evidence that [Defendants Swierenga and Walker] participated at

all in the conspiratorial plan, then they may be liable for the execution of aspects of the plan in which they played no direct role" (Dkt 89 at 8). Plaintiffs' objection lacks merit.

First, it appears that Plaintiffs seek to assert a claim for conspiratorial deprivation of constitutional rights under 42 U.S.C. § 1985. Plaintiffs' complaint makes no claim under § 1985, rather Plaintiffs' complaint is predicated on liability under § 1983. The Magistrate Judge correctly observed that "[l]iability in a § 1983 action cannot be premised upon passive behavior or an alleged failure to act, rather liability must be based upon active unconstitutional behavior." *See King v. Zamiara*, 680 F.3d 686, 706 (6th Cir. 2012).

Furthermore, Plaintiffs' objection appears to disregard the posture of this case on summary judgment. As the Magistrate Judge noted in the Report and Recommendation, "the non-moving party 'must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial'" (Dkt 83 at 18) (quoting *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006)). Plaintiffs state, "*if* there is evidence that [Defendants Swierenga and Walker] participated at all in the conspiratorial plan, then they may be liable for the execution of aspects of the plan in which they played no direct role" (Dkt 89 at 8) (emphasis added). Plaintiffs present no evidence to meet the summary judgment burden set forth in *Amini*.

Plaintiffs' objections demonstrate no error in the Magistrate Judge's conclusions with respect to Plaintiffs' claims against Defendants Swierenga and Walker, and are, therefore, denied.

### D. Penological Interest Served by Removal of the Sweat Lodge

Finally, Plaintiffs object to the Magistrate Judge's conclusion that Defendants' decision to remove the sweat lodge was "motivated by legitimate security concerns" (Dkt 89 at 8; Dkt 83 at 23). Plaintiffs assert that the Magistrate Judge relied on the comments of Defendant Singleton, and was

therefore persuaded that "the rocks, three to six inches in diameter that comprised part of the sweat lodge 'could be used as weapons . . . or used to damage other prison property or as a pounding tool to break lock'" (Dkt 89 at 8) (quotations omitted). Plaintiffs argue that "[Defendant] Singleton's comments are pretextual, and demonstrate the existence of a genuine issue of material fact which is in dispute" because Plaintiff Rumsey asserts in an affidavit that "the rocks, which purportedly posed a security risk were **never** removed"[3] (Dkt 89 at 8-9). Plaintiffs further argue that the Magistrate Judge failed to consider all of the evidence on the issue (*id.* at 9). Plaintiffs' objection lacks merit.

Plaintiffs' argument addresses only one of two penologial interests set forth by Defendants for the removal of the sweat lodge and cited by the Magistrate Judge: (1) the rocks used to build the sweat lodge "'could be used a weapons … or used to damage other prison property or as a pounding tool to break locks,'" and (2) the sweat lodge was located in the "vicinity of two guard towers that, due to budget cuts, were no longer staffed by prison guards" (Dkt 83 at 24). Plaintiffs' argument does not overcome the second penological interest asserted by Defendants, with respect to the location of the sweat lodge near two unmanned guard posts. Plaintiffs' objection, therefore, demonstrates no error with the Magistrate Judge's conclusion, and is denied.

## II. Defendants' Objections

Defendants raise three objections to the Magistrate Judge's Report and Recommendation: (1) "the Magistrate erred by recommending that the claim … involving an alleged requirement that religious ceremonies be held indoors proceed against three of the remaining four defendants" (Dkt

---

[3]It is noteworthy that Plaintiff Rumsey's affidavit conflicts with the deposition testimony provided by Plaintiff Cohrs, where Plaintiff Cohrs testified that the rocks were not left in the yard, and instead they were disposed of in a dumpster (Dkt 73-7 at 9-11).

7

87 at 3); (2) "the Magistrate erred by recommending that the claim . . . involving the enactment of MDOC Policy Directive 05.03.150 … should proceed by four of the Plaintiffs … against the remaining four Defendants" (*id.* at 5); and (3) "the Magistrate failed to address these Defendants' statute of limitations argument that no claims prior to June 23, 2007 may be brought because they are outside the applicable three year statute of limitations" (*id.* at 9).

A. Indoor Religious Ceremonies

Defendants first object to the Magistrate Judge's conclusion that "the claim asserted by Plaintiffs Cohrs, Hollon, Niezgoda, and Rumsey that Defendants Singleton, Walker, and Harry ordered them 'to move their [religious] ceremonies indoors' which prevented them from engaging in various ceremonial activities required of their faith" should proceed (Dkt 83 at 29). Defendants argue that these remaining Plaintiffs' claims should be dismissed for failure to exhaust their administrative remedies. In support of their argument, Defendants attach the affidavit of Richard Russell, Manager of the MDOC[4] Grievance Section. Russell's affidavit asserts that none of the remaining four Plaintiffs "filed a grievance through the third step of the grievance process that name [sic] Warden Shirlee Harry, Chaplain Ray Swierenga, ADW Sharon Walker, or DW Michael Singleton and was regarding the NATW members being ordered to move their religious ceremonies indoors, or that the Defendants enacted a policy that there must be 5 members for group religious ceremonies" (Dkt 87-1 ¶ 19). This affidavit, however, was executed on June 26, 2013, two days after the Report and Recommendation was issued. As Defendants admit, this affidavit was not presented to the Magistrate Judge prior to the issuance of the Report and Recommendation, denying dismissal with respect to exhaustion (Dkt 87 at 6, n.9).

---

[4]Michigan Department of Corrections.

Under Federal Rule of Civil Procedure 72(b)(3): "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge *may* accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3) (emphasis added). It is, therefore, within the court's discretion whether or not to receive further evidence when ruling on objections to the Report and Recommendation. This Court declines to consider the supplementary affidavits submitted by Defendants with their objections.

When determining whether or not to exercise the discretionary power to receive further evidence, it must be noted that:

> "It is not in the interest of justice to allow a party to wait until the Report and Recommendation … has been issued and then submit evidence that the party had in its possession but chose not to submit. Doing so would allow parties to undertake trial runs of their motion, adding to the record in bits and pieces depending upon the rulings or recommendation they received."

*Direct Line Corp. v. Carrington*, No. 3:10-0423, 2013 WL 2456712, at *1 (M.D. Tenn. June 6, 2013) (quoting *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998), *cert. denied*, 525 U.S. 907 (1998)); *see also Paterson Erson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round. In addition, it would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and—having received an unfavorable recommendation—shift gears before the district judge.")

The decision to reject further evidence may be made by balancing four factors:

(1) the moving party's reasons for not originally submitting the evidence; (2) the importance of the omitted evidence to the moving party's case; (3) whether the

evidence was previously available to the non-moving party when it responded to the summary judgment motion; and (4) the likelihood of unfair prejudice to the non-moving party if the evidence is accepted.

*Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 862 (5th Cir. 2003) (citing *Freeman v. Cnty. of Bexar*, 142 F.3d 848, 853 (5th Cir. 1998)).

The balance of these four factors weighs in favor of Plaintiffs. First, Defendants assert the affidavits were not originally submitted because "Defense Counsel believed there was sufficient evidence on file to dismiss this claim for lack of exhaustion . . . ." (Dkt 87 at 6, n.9). This reasoning is unpersuasive. If the evidence was available, it is incumbent upon counsel to submit it with the remainder of the evidence in support of its motion for summary judgment. Second, this evidence certainly appears to be important to Defendants' case; if it were accepted, multiple Plaintiffs' claims would be subject to dismissal. This factor weighs in favor of Defendants. Third, this evidence was certainly available to Defendants when submitting their summary judgment motion. Defense counsel made a "tactical" decision that the submission of these affidavits was unnecessary. Finally, the likelihood of unfair prejudice to Plaintiffs is substantial. If this affidavit is accepted, it would have the effect of showing the remaining Plaintiffs failed to exhaust their administrative remedies, and render the claims subject to summary judgment. In light of these factors, and the specific circumstances of this case, the Court is unpersuaded that Defendants' additional affidavits should be accepted for review on objection to the Report and Recommendation.[5]

Even if this affidavit is not accepted, Defendants continue to assert that the previously provided evidence should be "sufficient to establish that these four Plaintiffs failed to exhaust their

---

[5]The import of this evidence is most properly determined by the Magistrate Judge before whom the parties have litigated this case and argued their positions in motion practice.

administrative remedies . . . " (*id.* at 4). Defendants assert further that "establishing that a plaintiff did not exhaust administrative remedies is like establishing a negative and that once the issue is raised and the Defendants submit evidence that exhaustion did not occur, the burden shifts to the Plaintiff to submit an exhausted grievance that establishes exhaustion" (*id.* at 4-5). Defendants advance the correct burden-shifting structure for exhaustion of administrative remedies, but fail to meet their initial burden. As the Magistrate Judge concludes in the Report and Recommendation, "Plaintiff[s are] not required to demonstrate that [they] exhausted [their] claims and Defendants do not satisfy their burden on this question merely by noting that Plaintiff[s] failed to submit grievances concerning a particular claim" (Dkt 83 at 17). Defendants' objections demonstrate no error in this conclusion, and are, therefore, denied.

B. Group Services Under MDOC Policy Directive 05.03.150

Defendants again assert that "none of the Plaintiffs exhausted their administrative remedies by filing a prisoner grievance challenging the minimum requirement of five prisoners to hold group religious services and they certainly did not name any of these four Defendants in any such grievance" (Dkt 87 at 5). To support this assertion, Defendants again rely on the affidavit of Richard Russell, which was denied consideration as belatedly submitted, *supra*. Defendants place further weight on a second affidavit submitted with the objections to the Report and Recommendation[6] (Dkt 87-2). This affidavit is rejected as additional evidence for the same reasons discussed, *supra*. In the absence of these affidavits, Defendants have failed to meet their burden of showing that Plaintiffs failed to exhaust their administrative remedies, and their objection on this issue is therefore, denied.

---

[6]Defendants submit the affidavit of Edward Mize to explain the valid penological basis for the five prisoner minimum requirement for group religious services and to establish that there is no First Amendment violation on its face (Dkt 87 at 5).

11

Defendants also assert that evidence established that "these Plaintiffs always had over the minimum of five NATW members to hold group religious services at MCF right up to the point when MCF was about to close … " (Dkt 87 at 7), and Defendants so argued in their Reply brief. While Defendants' argument in their reply brief may be well taken, in the context of summary judgment, this assertion shows only that genuine issues of material fact do exist. Defendants contend that "from December 2007 . . . to September 5, 2008 all seven Plaintiffs were at MCF, i.e. more than the minimum 5 needed for group religious services" (Dkt 82 at 3-4, n.2). However, Plaintiff Rumsey asserts in his affidavit that, "virtually everytime [sic] we complained, protested, or filed grievances about a religious-based issue, our membership numbers would be thinned below the 5 member minimum, and we would then not be permitted to have our services." (Dkt 79-1, at 7, ¶ 23). These disputes represent genuine issues of material fact, and therefore fail to demonstrate error in the Magistrate Judge's conclusion that Defendants are not entitled to summary judgment on this basis.

Finally, Defendants assert that with respect to MDOC Policy Directive 05.03.150, "none of these Defendants were personally involved in adopting or promulgating the policy directive in question and they are not the proper persons to sue in any facial challenge to the policy itself. They should all be dismissed" (Dkt 87 at 8). This argument was never presented to the Magistrate Judge for decision, and is therefore waived. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998).

## C. Statute of Limitations

Defendants object to the Magistrate Judge's failure to address their argument that the statute of limitations had run on a number of Plaintiffs' claims. More particularly, "Defendants object to

12

not having any and all claims prior to June 23, 2007 dismissed because they are outside the applicable three year statute of limitations … " (Dkt 87 at 9). First, to the extent any claims dismissed by the Report and Recommendation (on other grounds) were barred by the statute of limitation, Defendants' argument is moot.

Further, Defendants' argument fails to meet their burden of proof with respect to claims that may be barred by the statute of limitations. "A defendant raising the statute of limitations as an affirmative defense has the burden of proving that the action is time-barred." *Proctor v. Applegate*, 661 F. Supp. 2d 743, 760 (E.D. Mich 2009) (citing *Campbell v. Grand Trunk W. R.R. Co.*, 238 F.3d 772, 775 (6th Cir. 2001)). To prevail on this affirmative defense, Defendants must show: (1) the statute of limitations has run; and (2) that no genuine issue of material fact exists as to when Plaintiffs' cause of action accrued. *Campbell*, 238 F.3d at 775.

Without examining the first element, the Court finds that Defendants have wholly failed to demonstrate the absence of a genuine issue of material fact regarding when Plaintiffs' claims accrued. As such, Defendants' objection fails to demonstrate error in the Magistrate Judge's failure to address Defendants' statute of limitations argument. This objection, therefore, is denied.

### III. Conclusion

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court, except as noted herein.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 87, 89) are DENIED and the Report and Recommendation (Dkt 83) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Plaintiff Barnes and Plaintiff Davis (Dkt 53) is GRANTED.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (Dkt 72) is GRANTED IN PART AND DENIED IN PART, as follows: Plaintiffs' remaining claims are dismissed as detailed in the Report and Recommendation, except for: (1) the claim asserted by Plaintiffs Cohrs, Hollon, Niezgoda, and Rumsey that Defendants Singleton, Walker, and Harry ordered them "to move their [religious] ceremonies indoors" which prevented them from engaging in various ceremonial activities required of their faith, and (2) the claim asserted by Plaintiffs Cohrs, Hollon, Niezgoda, and Rumsey that Defendants unlawfully denied them the right to conduct group worship services unless five or more NATW members were present; the motion for summary judgment with respect to these two claims is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Defendants may file an appropriate motion(s) to renew their motion for summary judgment on the basis of the additional evidence submitted with their objections, i.e., the affidavits of Richard Russell and Edward Mize (Dkts 87-1, 87-2), for proper consideration in the first instance before the Magistrate Judge (including, if Defendants deem necessary, a motion to extend the time for filing dispositive motions/amend the case management order).

Dated: October 1, 2013                                    /s/ Janet T. Neff
                                                          JANET T. NEFF
                                                          United States District Judge