UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES EARNEST RUMSEY, JR.
et al.,

    Plaintiffs,

v

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.
_____/

Case No. 1:10-cv-880

HON. JANET T. NEFF

## OPINION AND ORDER

Plaintiffs filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983 alleging Defendants' interfered with Plaintiffs' First Amendment right to freely practice their religion. Defendants filed a motion for summary judgment (Dkt 72), which this Court granted in part and denied in part in its Opinion and Order on October 1, 2013 (Dkt 94). Defendants then filed a renewed motion for summary judgment advancing several arguments, including that Plaintiffs failed to exhaust their administrative remedies and, in the alternative, they failed to establish that the challenged policy regarding group religious practice in prison was unconstitutional (Dkt 104). Plaintiffs filed a response to the renewed motion for summary judgment (Dkt 109).

The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R, Dkt 113), recommending that this Court grant Defendants' motion. The matter is presently before the Court on Plaintiffs' objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo review of those

portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

## I.

As an initial matter, Plaintiffs assert that Defendants repeatedly frustrated Plaintiffs' grievances by making subtle changes to prison practices that would render their complaints ostensibly moot (Obj. at 3). They assert that Defendants' frustration of their grievances was germane to Defendants' renewed motion but was not part of the Magistrate Judge's discussion.

Plaintiffs' generalized complaint demonstrates no error in the Magistrate Judge's analysis or conclusion with regard to the grant of summary judgment. Plaintiffs provide no supporting argument or legal authority beyond their general PRLA policy references to show how this complaint bears on the specific disposition of the remaining two claims at issue,[1] if at all. *See* W.D. Mich. LCivR 72.3(b) (written objections "shall specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections"). This unsupported, generalized complaint provides no basis for relief.

## II.

Plaintiffs next address their grievances relating to the prison's "smoking policy" (Obj at 4). Plaintiffs concede that none of the grievances identified in their affidavits specifically complained about the requirement to smoke indoors, but they generally identified Plaintiffs' inability to smoke

---

[1] Those claims are: (1) the claim asserted by Plaintiffs Cohrs, Hollon, Niezgoda, and Rumsey that Defendants Singleton, Walker, and Harry ordered them "to move their [religious] ceremonies indoors" which prevented them from engaging in various ceremonial activities required of their faith, and (2) the claim asserted by Plaintiffs Cohrs, Hollon, Niezgoda, and Rumsey that Defendants Swierenga, Harry, Singleton, and Walker unlawfully denied them the right to conduct group worship services unless five or more NATW members were present (R & R at 2-3, citing Dkts 83, 93).

2

tobacco in accordance with their religious practices. Thus, "the issue was not whether [Plaintiffs] specifically complained about being required to smoke indoors, but rather, whether they sufficiently identified interference with their religious requirement to smoke tobacco …" (*id.*). Plaintiffs argue that the Magistrate Judge erred in "disregard[ing] the grievances filed as insufficient [sic] to create a question of fact because they do not address the 'indoors' questions" (*id.*). Further, the Magistrate Judge uses "such a narrow application of the PLRA that it precludes suit even though the defendants had actual notice of the Plaintiffs['] complaint …" (*id.*).

Plaintiffs' argument is without merit. The Magistrate Judge correctly applied the PLRA standards and properly analyzed Plaintiffs' remaining claims accordingly. Plaintiffs provide no factual or legal support for their argument that their "numerous grievances" generally identifying "their inability to smoke tobacco in accordance with their religious requirements" should be construed to show Defendants had "actual notice" of Plaintiffs' complaint (*id.*). Because the Magistrate Judge applied the correct PLRA standards in analyzing Plaintiffs' remaining claims and affidavits, Plaintiffs demonstrate no error in the Report and Recommendation.

**III.**

Plaintiffs argue that the Magistrate Judge "misidentified the issue" with respect to the MDOC policy requiring membership of at least five practitioners before religious services could be held (Obj. at 5). Plaintiffs state that "[a]lthough Plaintiffs did challenge the overall policy as unconstitutional in their complaint, the magistrate correctly noted that that claim has previously been dismissed" (id.). They assert, however, that "[w]hat remained was not a claim against the policy, per se, but against the manner in which the defendants applied it" (*id.*). Plaintiffs assert that the "Report and Recommendation fails to address the claim in this context" (*id.*).

3

Plaintiffs' argument demonstrates no factual or legal error in the Magistrate Judge's analysis or conclusion. As stated in the Report and Recommendation, "Plaintiffs' retaliatory transfer claims … have already been dismissed" (R & R at 6). Plaintiffs' attempt to essentially revive these claims through their remaining claim against the policy is misplaced.

## IV.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007). Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 115) are DENIED and the Report and Recommendation (Dkt 113) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Renewed Motion for Summary Judgment (Dkt 104) is GRANTED and this action is TERMINATED.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the decision would not be taken in good faith.


Dated: March 31, 2014                    /s/ Janet T. Neff
                                         JANET T. NEFF
                                         United States District Judge